781 F.2d 536
 12 Soc.Sec.Rep.Ser. 156, Medicare&Medicaid Gu 35,098
 CUMBERLAND MEDICAL CENTER; Smith County Memorial Hospital;
Maury County Hospital; Middle Tennessee Medical Center;
Southern Hills Hospital; Vanderbilt University Hospital;
Athens Community Hospital; Bedford County General Hospital;
Benton County General Hospital; Bristol Memorial Hospital;
Chamberlain Memorial Hospital; Johnson County Memorial
Hospital; Kingsport Hospital; McNairy County General
Hospital; U.T. Memorial Hospital and Woods Memorial
Hospital, Plaintiffs-Appellants (83- 5546/5579),
v.
SECRETARY OF HEALTH AND HUMAN SERVICES; Carolyne K. Davis,
Administrator, Health Care Financing
Administration, Defendants-Appellees
(83- 5546/5579).
CHELSEA COMMUNITY HOSPITAL; Metropolitan Hospital of
Detroit; Oakwood Hospital; Sinai Hospital of Detroit;
Holy Cross Hospital; Cottage Hospital; Detroit Osteopathic
Hospital; Botsford General Hospital; Riverside Osteopathic
Hospital; Bi-County Hospital; Mt. Clemens General
Hospital; Metropolitan West Hospital; Alpena General
Hospital; and Mt. Carmel Mercy Hospital,
Plaintiffs-Appellees (84- 1146/1188),
v.
Margaret M. HECKLER, Secretary of Health and Human Services,
and Carolyne K. Davis, Administrator, Health Care
Financing Administration,
Defendants-Appellants (84- 1146/1188).
 
 Nos. 83-5546, 83-5579, 84-1146 and 84-1188.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 12, 1985.
Decided Jan. 15, 1986.
 Robert A. Klein (argued), Weissburg & Aronson, Inc., Los Angeles, Cal., Dale C. Allen, Lockridge & Becker, Knoxville, Tenn., Richard Lee Brown, Tennessee Hosp. Ass'n, Nashville, Tenn., for Cumberland Medical Center, et al.
 William G. Christopher, Chris E. Rossman, Margaret A. Shannon, David E. Hinger (argued), Honigman, Miller, Schwartz & Cohn, Detroit, Mich., for Chelsea Community Hosp., et al.
 John W. Gill, J. Michael Hayes, U.S. Attys., Knoxville, Tenn., Joe B. Brown, Wendy Hildreth, U.S. Attys., Nashville, Tenn., Joel M. Spere, L. Michael Wicks, U.S. Attys., Detroit, Mich., Jeanne Schulte Scott, Dennis S. Diaz, Dept. of Health & Human Services, Anthony J. Steinmeyer, Katherine S. Gruenheck (argued), Dept. of Justice, Civ. Div., Barbara C. Biddle, Washington, D.C., for Secretary of Health and Human Services, et al.
 Before: JONES and CONTIE, Circuit Judges; and JOHNSTONE, District Court Judge.*
 NATHANIEL R. JONES, Circuit Judge.
 
 
 1
 The cases consolidated for disposition by this opinion represent some of the last glowing embers of a hotly controversial Medicare regulation whose validity has been all but extinguished by appeals before most of the other federal circuit courts of the nation. The regulation, known as the Malpractice Rule, 42 C.F.R. Sec. 405.452(a)(1)(ii) (1984), has been set aside by all of the courts of appeals that have considered it on the merits. Today we join this overwhelming majority and hold the Malpractice Rule invalid.
 
 
 2
 The regulation governs the manner in which the Medicare program reimburses hospitals for the cost of malpractice insurance allocable to program beneficiaries. Under prior practice, malpractice insurance costs were included among other general and administrative (G & A) costs, and reimbursement was calculated by multiplying the average per diem cost of all patients in a department by the number of Medicare patient-days served by the department. This utilization reimbursement method had been applied to malpractice insurance costs since the inception of the Medicare program in 1966 until the current regulation took effect on July 1, 1979. The Malpractice Rule was cast as an exception to this general rule, and the latter continued in effect with respect to other costs. Under the new regulation, hospitals are reimbursed in a given year only that percentage of their malpractice premium costs that represents the ratio of malpractice losses paid to Medicare patients to all malpractice losses paid. If a hospital has paid no losses in the reimbursement year, the loss record of the previous four years is used. If no losses have been paid during that period, a national average is employed. The new regulation was prompted by the Secretary's concern that the typically shorter life-expectancy and lower earning capacity of Medicare patients result in fewer and smaller malpractice damage awards per Medicare patient than for non-Medicare patients. Therefore, the Secretary concluded, paying premiums on a per patient basis meant that Medicare was paying more than its share of the costs of malpractice insurance.
 
 
 3
 The district courts in the Chelsea appeals, Numbers 84-1146 & 1188, held the regulation invalid; it was upheld in Numbers 83-5546 & 5579, the Cumberland cases. The hospitals involved in these appeals, all providers of services to medicare patients, have challenged the Malpractice Rule on three grounds: that the Secretary's promulgation of the rule was arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. Sec. 706(2)(A) (1982); that the Secretary failed to provide an adequate "basis and purpose" statement in the rule-making procedure as required by 5 U.S.C. Sec. 553(c) (1982); and that the rule improperly allocates the costs of treating Medicare patients to non-Medicare patients or fails to reimburse hospitals for their reasonable costs in violation of 42 U.S.C. Sec. 1395x(v)(1)(A) (1982) of the Medicare Act.
 
 
 4
 Seven circuits have struck down the Malpractice Rule based on one or more of these grounds.[1] The Secretary conceded at oral argument that the regulation is invalid as promulgated. An analysis of the issues by this court would add little to the extensive law already reported. We hold the Malpractice Rule to be arbitrary and capricious and in violation of the Medicare Act. In doing so, we adopt the reasoning of Judge DeMascio in the Mt. Carmel case, Appeal No. 84-1188, see Mt. Carmel Mercy Hospital v. Heckler, 581 F.Supp. 1311 (E.D.Mich.1983), and rely on the previously cited opinions of the other circuits, particularly that of the Seventh Circuit in St. James Hospital v. Heckler, 760 F.2d 1460 (7th Cir.1985).
 
 
 5
 The one issue that remains to be resolved is that of appropriate relief. The hospitals contend that reimbursement, retroactive to 1979, should be ordered under the prior utilization method. The Secretary asks that, instead, we remand the cases to her for reconsideration after further rulemaking. The Secretary has published a new proposed rule for the reimbursement of malpractice insurance costs, see 50 Fed.Reg. 25,178 (1985) (to be codified at 42 C.F.R. Pt. 405) (proposed June 17, 1985), which is proposed to take effect retroactively to 1979. Final action on this rule is still pending. For the reasons discussed below, we decline to accede to the Secretary's request.
 
 
 6
 The five circuit courts that have considered this issue or stated the relief to be granted have ordered reimbursement under the prior regulation.[2] The common rationale is that the current rule being invalid from its inception, the prior regulation is reinstated until validly rescinded or replaced. This case has none of the special circumstances that would justify not returning to the prior regulation. See Motor Vehicles Manufacturer's Association of the United States v. State Farm Mutual Insurance Co., 463 U.S. 29, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983) (prior regulation had never taken effect); Burlington Northern, Inc. v. United States, 459 U.S. 131, 103 S.Ct. 514, 74 L.Ed.2d 311 (1982) (prior rate order was temporary); Addison v. Holly Hill Fruit Products, Inc., 322 U.S. 607, 64 S.Ct. 1215, 88 L.Ed. 1488 (1944) (invalid rule was an integral part of a regulatory scheme).
 
 
 7
 The Secretary argues that the utilization method cannot be reinstated because it was found to be inadequate for malpractice costs and was effectively rescinded at the same time the Malpractice Rule was promulgated. Assuming that the Secretary's rulemaking did have this effect, the action was taken on the same inadequate record and with the same inadequate procedures upon which the current rule was passed. Our review of the rescission of an existing rule requires the same analysis that must be employed to review the promulgation of a new rule. Motor Vehicle Manufacturers, 103 S.Ct. at 2866. Thus, we cannot accept the Secretary's argument that the prior regulation cannot be reinstated.
 
 
 8
 Finally, we note that the proposed regulation is nearly identical to the current Malpractice Rule. Withholding reimbursement under these circumstances would have the undesirable effect of allowing the Secretary a second chance to establish a proper record for the Malpractice Rule, delaying indefinitely the hospitals' right to payment. If the Secretary does indeed pass a valid retroactive regulation, her right to seek adjustments will not be affected by our order that reimbursements under the prior regulation be made now.
 
 
 9
 Accordingly, the judgments entered in favor of the hospitals in appeals 84-1146 and 84-1188 are AFFIRMED. The record does not indicate whether relief has been ordered on these judgments. The causes are REMANDED with directions that the courts order that the hospitals be reimbursed, with interest, under the formula set forth in the prior regulation.
 
 
 10
 The judgments in appeals 83-5546 and 83-5579 are REVERSED and the causes REMANDED with orders that summary judgment be entered in favor of the hospitals. The district courts will also order reimbursement.
 
 
 
 *
 The Honorable Edward H. Johnstone, Judge, United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 This circuit is the tenth to consider a challenge to this rule. Seven circuits have reached the merits and have all held the regulation invalid on some or all of the three grounds raised here. See Bedford County Memorial Hospital v. Health and Human Services, 769 F.2d 1017 (4th Cir.1985); Menorah Medical Center v. Heckler, 768 F.2d 292 (8th Cir.1985); DeSoto General Hospital v. Heckler, 766 F.2d 182 (5th Cir.1985); Lloyd Noland Hospital and Clinic v. Heckler, 762 F.2d 1561 (11th Cir.1985); St. James Hospital v. Heckler, 760 F.2d 1460 (7th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 229, 88 L.Ed.2d 228 (1985); Humana of Aurora, Inc. v. Heckler, 753 F.2d 1579 (10th Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 180, 88 L.Ed.2d 149 (1985); Abington Memorial Hospital v. Heckler, 750 F.2d 242 (3d Cir.1984), cert. denied, --- U.S. ----, 106 S.Ct. 180, 88 L.Ed.2d 149 (1985)
 The Ninth Circuit stayed two appeals pending the outcome of the certiorari petitions that were later denied as indicated above. St. Joseph's Hospital v. Heckler, No. 84-2168 (9th Cir. Aug. 5, 1985); Albany General Hospital v. Heckler, No. 84-3865 (9th Cir. Aug. 5, 1985). In Walter O. Boswell Memorial Hospital v. Heckler, 749 F.2d 788 (D.C.Cir.1984), the D.C. Circuit remanded the case to the district court for consideration of a fuller administrative record.
 
 
 [2]
 See Bedford, 769 F.2d at 1024 (4th Cir.); Menorah, 768 F.2d at 297 (8th Cir.); Lloyd Noland, 762 F.2d at 1569 (11th Cir.); Abington, 750 F.2d at 244 (3d Cir.). The Fifth Circuit had originally ordered reimbursement, see DeSoto, 766 F.2d at 186, but granted on rehearing, without explanation, the Secretary's request to have the case remanded for reconsideration after further rulemaking. DeSoto, 766 F.2d 186 (5th Cir.1985). The court subsequently withdrew the second opinion on a second rehearing and reinstated the original reimbursement order. DeSoto, 776 F.2d 115, 116 (5th Cir.1985)