**APPLETON MEMORIAL HOSPITAL, et al., Plaintiffs-Appellees,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant-Appellant.**

**No. 86–1883.**

United States Court of Appeals, Seventh Circuit.

Argued Oct. 31, 1986.

Decided March 10, 1987.

Rehearing and Rehearing En Banc Denied April 6, 1987.

Joel W. Nomkin, U.S. Dept. of Justice, Washington, D.C., for defendant-appellant.

Daniel F. Miller, Purtel, Purtell, Wilmot & Burroughs, S.C., Milwaukee, Wis., for plaintiffs-appellees.

Before BAUER, Chief Judge, POSNER, Circuit Judge, and PELL, Senior Circuit Judge.

BAUER, Chief Judge.

The defendant-appellant, Otis R. Bowen, Secretary of Health and Human Services ("Secretary"), appeals the order of the district court requiring that certain Medicare reimbursements be paid to the appellees, Appleton Memorial Hospital, et al. ("Hospitals"), in accordance with payment regulations in effect prior to the Secretary's unlawful modification of those rules in 1979. We reverse and remand the order of the district court and direct that the Secretary be given instructions to recalculate reimbursements pursuant to a revised methodology that satisfies the principles set forth in *St. James Hospital v. Heckler,* 760 F.2d 1460 (7th Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 229, 88 L.Ed.2d 228 (1985).

### I.

This case began with the cataclysmic escalation of insurance costs for medical malpractice coverage. Prior to 1979, hospitals treating Medicare patients were reimbursed pursuant to an apportionment system. Under these "pre–1979" Rules, Medicare paid each hospital a portion of its overhead costs, including malpractice insur-

ance, based upon the percentage of Medicare patients actually treated relative to the total patient population. However, due largely to the extraordinary increase in insurance costs, as well as a number of other factors, the Secretary concluded that Medicare was paying a disproportionate share of the malpractice insurance costs under the pre–1979 Rules in violation of 42 U.S.C. § 1395x(v)(1)(A)(ii).

In response to this problem, the Secretary promulgated the 1979 malpractice Rule (the "1979 Rule"), *see* 44 Fed.Reg. 31641 (June 1, 1979), *amending,* 42 C.F.R. 405, 452(b)(1) (1979), which significantly altered reimbursement methodologies used to calculate malpractice payments by, *inter alia,* basing payments on a hospital's claims-paid history. *St. James v. Heckler,* 760 F.2d at 1460 (1985). However, in *St. James* this court held that the 1979 Rule was arbitrary and capricious, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A) (1982).

By 1986 the Secretary initiated a new rulemaking schedule in an attempt to cure the defects of his previous efforts. *See* 51 Fed.Reg. 11142–11196 (April 1, 1986) (the "1986 Rule"). The 1986 Rule, which was activated just after the district court released its opinion, applies to cost reporting periods beginning on or after July 1, 1979 and expressly purports to supersede and render inapplicable the 1979 Rule which was the subject of the Hospitals' complaint and the judgment below. *See* 51 Fed.Reg. 11149, *explaining* 42 C.F.R. 405.457(a).

The district court granted the plaintiffs' motion for summary judgment declaring the 1979 Rule invalid pursuant to *St. James.* Additionally, the court ordered that the Hospitals be paid according to pre–1979 reimbursement methodologies in effect prior to the invalid promulgation of the 1979 Rule. The Secretary appeals this order, arguing that the case has been rendered moot by the 1986 Rule and requests that this matter be remanded for processing under that procedure. The Hospitals challenge the retroactive application of the new rule and seek additional Medicare reimbursements under the pre–1979 methodologies to augment payments already made pursuant to the invalid 1979 Rule. We vacate the order of the district court and remand this matter with instructions that the Secretary process the Hospitals' claims under the 1986 Rule.

## II.

We begin by noting that our decision in *St. James,* while invalidating the Secretary's 1979 Rule, did not detract from the underlying impetus behind Medicare reform. *See St. James,* 760 F.2d at 1470–1473. Nor do the appellees contend that Medicare was not, in fact, paying a disproportionate share of malpractice insurance costs under the pre–1979 regulations. Nonetheless, the Hospitals continue to demand reimbursement under the pre–1979 Rule despite the Secretary's publication of a new regulation in final form.

The district court fashioned its order of relief relying primarily upon previous court of appeals decisions denying a remand to the Secretary. *See Cumberland Medical Center v. Secretary,* 781 F.2d 536 (6th Cir. 1986); *Bedford Cty. Memorial Hosp. v. Health Hum. Services,* 769 F.2d 1017 (4th Cir.1985); *Menorah Medical Center v. Heckler,* 768 F.2d 292 (8th Cir.1985); *Lloyd Noland Hosp. & Clinic v. Heckler,* 762 F.2d 1561 (11th Cir.1985); *Abington Memorial Hosp. v. Heckler,* 750 F.2d 242 (3rd Cir.1984), *cert. denied,* —— U.S. ——, 106 S.Ct. 180, 88 L.Ed.2d 149 (1985). However, as is true of those circuit courts, the district court acted in the absence of a valid new regulation. The reasoning of *Cumberland,* chiefly relied upon by the district court, is instructive as to why a different result is compelled by a final and complete promulgation of the 1986 Rule.

As the *Cumberland* court noted, "[t]he common rationale [for ordering reimbursement under the pre–1979 Rule and denying remand to the Secretary] is that the current rule [the 1979 Rule] being invalid from its inception, the prior regulation is reinstated until validly rescinded or *replaced."* (emphasis added). *Id.* at 538; *See Bedford Cty. Memorial Hosp.,* 769 F.2d at 1024; *Menorah Medical Center,* 768 F.2d at 297;

*Lloyd Noland Hosp. and Clinic,* 762 F.2d at 1569; *Abington Memorial Hospital,* 750 F.2d at 244. Each circuit, as well as the district court below, predicated its decision upon the Secretary's request for a remand pursuant to further rulemaking efforts. Until this review, the Secretary had merely published a notice of proposed rulemaking, *see* 50 Fed.Reg. 25178 (June 17, 1985), and had not replaced the reinstated pre-1979 Rule. Now that the 1986 Rule is in place, the logic of the *Cumberland* decision compels a remand to the district court with instructions that the Secretary process the Hospitals' claims under the new regulation as mandated by the Medicare Act. *See* 42 U.S.C. § 1395oo (f)(1) (requiring a "final decision" of the Provider Reimbursement Review Board as a prerequisite to federal court jurisdiction). Currently, the Hospitals' claims have not been evaluated under the 1986 Rule.

However, the Hospitals contend that the Secretary lacks the authority to fashion a retroactive rule covering the disputed years. They maintain that 42 U.S.C. § 1395x(v)(1)(A)(ii) directing the Secretary to "provide for the making of suitable retroactive corrective adjustments," *see also* 42 U.S.C. § 1395hh, authorizes changes only prior to the termination of a hospital's cost year. Conversely, the Secretary argues for a more expansive reading of the statute allowing for retroactive adjustments that change the reimbursement formulae for cost years that have already ended.

Whatever the answer to this riddle, we do not address it here. The Hospitals' challenge to the retroactive application of the 1986 Rule constitutes an attack upon the regulation itself. As such, statutory prerequisites mandate that we remand this case before judicial review of the 1986 Rule. *See* 42 U.S.C. § 1395oo(f)(1); *Humana of South Carolina, Inc. v. Califano,* 590 F.2d 1070, 1076 (D.C.Cir.1978); *see also* 42 U.S.C. § 1395oo (a), (b) (The Board has no jurisdiction over a provider's reimbursement claim unless, *inter alia,* the provider (1) is dissatisfied with the amount of reimbursement due, (2) meets the applicable amount in controversy requirement, and (3)

timely files a hearing request following its receipt of the intermediary's notice of program reimbursement.); *Hadley Memorial Hosp., Inc. v. Schweiker,* 689 F.2d 905 (10th Cir.1982) (holding that jurisdiction over a challenge to the 1979 Rule was lacking where the 1979 Rule was challenged before its application to a specific cost report and before plaintiffs satisfied all of the statutorily-imposed prerequisites to judicial review of Medicare provider reimbursement disputes); *Abington Memorial Hosp.,* 750 F.2d at 244 (limiting relief, upon declaring the 1979 Rule invalid, "to the individual claims of appellees for reimbursement that were considered by the Provider Reimbursement Review Board").

For the foregoing reasons, the judgment of the district court is

REVERSED AND REMANDED.