**LEILA HOSPITAL AND HEALTH CENTER, a DIVISION OF SISTERS OF MERCY HEALTH CORPORATION, Plaintiff,**

v.

**Otis R. BOWEN, Secretary, Department of Health and Human Services and Carolyne K. Davis, Administrator, Health Care Financing Administration, Defendants.**

No. K85–563.

United States District Court,
W.D. Michigan, S.D.

May 26, 1987.

William Christopher, Honigman, Miller, Schwartz, & Cohn, Detroit, Mich., for plaintiff.

Gerard Keating, Office of General Counsel, Health and Human Services, Washington, D.C., for defendants.

OPINION

ENSLEN, District Judge.

The Court entered a final Judgment in this case in defendants' favor on December 23, 1986. On January 21, 1987 the Court of Appeals for the Sixth Circuit issued a decision that directly implicates the analysis the Court employed in rendering judgment for defendants. *Mason General Hospital v. Secretary of the Department of Health and Human Services,* 809 F.2d 1220 (6th Cir.1987). On February 9, 1987 plaintiff filed a Motion for Relief from Judgment pursuant to rule 60(b) of the Federal Rules of Civil Procedure in which it requests the Court to rescind its December 23rd Judgment and to grant plaintiff's own motion for summary judgment in light of the *Ma-*

*son General Hospital* decision. On February 23, 1987 the Court issued an opinion in which it indicated that it has jurisdiction to consider plaintiff's motion even though plaintiff has appealed the December 23rd Judgment. *See Barrier v. Beaver,* 712 F.2d 231, 233–35 (6th Cir.1983); *Steinhoff v. Harris,* 698 F.2d 270, 275 (6th Cir.1983).

Defendant responded to plaintiff's motion on March 13, 1987, arguing that the Court should adhere to its prior decision that the Secretary had properly repromulgated the 1981 wage index in 1984 with retroactive effect. Both parties agree that the issue presently before the Court is whether the *Mason General Hospital* decision, in which the Sixth Circuit established and discussed the factors a court should consider in deciding whether the Secretary has properly given a regulation retroactive effect, requires the Court to alter its prior decision. If I decide to change my December 23rd Judgment, then I must direct the plaintiff to request the Sixth Circuit to return the file to me for further proceedings. *See First National Bank of Salem v. Hirsch,* 535 F.2d 343 (6th Cir.1976); *United States v. City of Cincinnati,* 771 F.2d 161, 164–65 (6th Cir.1985); *Mitchell v. OsAir, Inc.,* 629 F.Supp. 636, 639 (N.D. Ohio 1986). As I discuss below, however, I find that the *Mason General Hospital* decision does not require me to alter my December 23rd Judgment, and I thus will enter an order denying plaintiff's motion.

### Discussion

In *Mason General Hospital* the Sixth Circuit considered whether the Secretary had properly given his 1986 Medicare Malpractice Rule retroactive effect. The 1986 Rule was similar to a rule that the Secretary had promulgated in 1979 and which several courts of appeals, including the Sixth Circuit, had invalidated as being "arbitrary and capricious in violation of the Medicare Act." *Mason General Hospital,* 809 F.2d at 1222; *see Cumberland Medical Center v. Secretary of HHS,* 781 F.2d 536 (6th Cir.1986). The Sixth Circuit held that the Secretary should not have given the 1986 Rule retroactive effect. It found that the Secretary "is authorized to promulgate

some limited rules of retroactive effect when necessary to fulfill the statutory scheme he is charged with implementing." *Mason General Hospital,* 809 F.2d at 1226. It also found, however, that the Secretary bears a heavy burden of justifying any exercise of this authority because retroactivity " 'interfere(s) with the legally-induced and settled expectations of private parties' and, in the context of administrative rulemaking, it trivializes the procedures mandated by the Administrative Procedure Act." *Id.* at 1231 (citation omitted). In deciding whether the Secretary had met this burden with regard to the 1986 Rule, the Sixth Circuit considered three factors:

1. the degree of capriciousness or abuse of discretion exhibited by the agency in the promulgation of the initial rule;

2. the existence and duration of a prior settled regulation or practice, and the extent to which the initial invalidated rule constituted a substantial change in such settled practice; and,

3. the extent to which the change embodied in the initial invalidated rule was integral to the effectuation of the statutory purpose.

*Id.* at 1228. Since this also is a case where the Secretary has attempted "to retroactively repromulgate a previously invalidated rule," and since the Sixth Circuit's decision indicates that I improperly relied on the five *Retail Union* factors in my December 18, 1986 bench opinion, I will consider the propriety of the Secretary's 1984 repromulgation of the 1981 wage index change, with retroactive effect, under the three *Mason General Hospital* factors.

I believe that the first factor weighs slightly in the Secretary's favor. The District Court for the District of Columbia invalidated the 1981 regulation on a purely procedural ground: that the Secretary had failed to comply with the notice and comment requirement of the Administrative Procedure Act. *See District of Columbia Hospital Association v. Heckler,* No. 82–2520 (D.D.C. April 29, 1983) Medicare and Medicaid Guide (CCH) ¶ 32,872, at 9365. The Secretary does not seek to defend the

procedural validity of the 1981 regulation here, arguing instead that the 1984 regulation completely superseded such regulation. He does argue, however, that plaintiff has failed to demonstrate that the 1981 regulation was in any way substantively invalid. Plaintiff did suggest at oral argument, and suggests in its motion for relief from judgment, that the Secretary's change in the wage index methodology is substantively invalid as applied in this instance. See Memorandum in Support of Plaintiff's Motion for Relief from Judgment at 8. Plaintiff has produced no data to document its claim, however, *compare Georgetown University Hospital v. Bowen*, No. 85–1845 (D.D.C. April 11, 1986) Medicare and Medicaid Guide (CCH) ¶ 35,-341, at 10,693, *appeal pending*, No. 86–5381 (D.C.Cir.1986), and I decline to address that issue at this late date. In summary, while the Secretary clearly erred in promulgating the 1981 regulation in violation of the APA, I do not believe that his action was egregiously capricious or constituted a significant abuse of discretion. *Compare Mason General Hospital*, 809 F.2d at 1229 (noting that several courts had indicated that the Secretary's promulgation of the 1979 Medicare Malpractice Rule constituted a "substantial abuse of discretion").

I believe that the second factor also falls in the Secretary's favor. Simply put, the wage index methodology, based on Bureau of Labor Statistics data, in place before the 1981 change did not constitute a prior settled regulation or practice. Plaintiff argues that the Secretary's "inclusion of federal wage data for two consecutive years constituted a 'prior settled practice.'" Memorandum at 8. The Court disagrees, particularly given the constantly changing nature of Medicare reimbursement regulations. In comparison, moreover, the rule in question in *Mason General Hospital*, the 1979 Medicare Malpractice Rule, had replaced a method of reimbursement that had been in effect since 1966. *Id.* Finally, I do not believe that the 1981 wage index change constituted a substantial change in prior practice. Admittedly, as the Court noted in its bench opinion, the change sig-

nificantly affected plaintiff's reimbursement level. On a national scale, however, there is nothing in the record to rebut the Secretary's assertion that the change merely refined his section 223 cost limit methodology. Even the plaintiffs in *Georgetown University Hospital* contended only that the change failed to differentiate adequately between urban core hospitals and suburban ring hospitals.

The final factor is the most difficult to analyze. The Court believes that the 1981 change in the wage index methodology was consistent with the Medicare statute and was important to the Secretary's implementation of the statute's purpose of reimbursing "only those costs necessary in the efficient delivery of services." *Id.* I do not, however, believe that the change necessarily was "integral" or "essential" to the effectuation of that purpose. *See id.* at 1230–31. The invalidation of the 1981 rule, moreover, did not create a regulatory gap because the prior methodology simply took its place. The Court thus finds that "the extent to which the change embodied in the initial invalidated rule was integral to the effectuation of the statutory purpose" was significant, but not overwhelming.

On balance, though, the Court concludes that the Secretary properly gave the 1984 repromulgation of the 1981 change in the wage index methodology retroactive effect. Portions of the Sixth Circuit's decision in *Mason General Hospital*—particularly its statement that "an agency attempting to promulgate a rule pursuant to APA procedures bears a heavy burden in justifying retroactivity in view of the Act's goal of assuring that new rules be of prospective application only," *id.* at 1225—indicate that a court should rarely, if ever, allow an agency to promulgate a retroactive regulation. Having analyzed this case under both the five *Retail Union* factors and the three *Mason General Hospital* factors, however, the Court continues to believe that the Secretary properly invoked his retroactive rulemaking authority, limited though it may be, in this instance. I therefore will

enter an order denying plaintiff's motion for relief from judgment.