**LEILA HOSPITAL AND HEALTH CENTER, A DIVISION OF SISTERS OF MERCY HEALTH CORPORATION, a Michigan nonprofit corporation, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, Secretary, Department of Health and Human Services, et al., Defendants–Appellees.**

No. 87–1202.

United States Court of Appeals, Sixth Circuit.

Argued March 1, 1989.

Decided April 28, 1989.

Kenneth R. Marcus, Honigman, Miller, Schwartz and Cohn, Chris Rossman, William G. Christopher, Richard S. Glassman, James K. Robinson (argued), Detroit, Mich., for Leila Hosp. and Health Center, etc.

Anne Vandermale Tuuk, Asst. U.S. Atty., Grand Rapids, Mich., Gerard Keating (argued), Office of Gen. Counsel, HHS, Washington, D.C., for Bowen.

Before KENNEDY and RYAN, Circuit Judges; and PECK, Senior Circuit Judge.

RYAN, Circuit Judge.

Plaintiff Leila Hospital and Health Center ("Leila") appeals the district court's grant of summary judgment for the Secretary of Health and Human Services in this action challenging the Secretary's retroactive promulgation of a wage cost-limit rule for reimbursements under the Medicare program. 661 F.Supp. 397. In light of the Supreme Court's decision in *Bowen v. Georgetown University Hospital,* —— U.S. ——, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), we reverse the district court's judgment for the Secretary and remand the case to the district court with instructions to enter judgment for Leila and to determine the relief to which Leila is entitled.

Under the Medicare program, which was enacted in 1965 as Title XVIII of the Social Security Act, Pub.L. No. 89–97, 79 Stat. 286, as amended, 42 U.S.C. § 1395 *et seq.* (the Medicare Act), providers of covered medical services are generally reimbursed for "the lesser of (A) the reasonable cost of such services, as determined under section 1395x(v) . . . or (B) the customary charges with respect to such services." 42 U.S.C. § 1395f(b)(1). Under § 223(b) of the Social Security Amendments of 1972, the Secretary is authorized to establish cost-limit rules to exclude from reimbursable expenses "any part of incurred cost found to be unnecessary in the efficient delivery of

needed health services." 42 U.S.C. § 1395x(v)(1)(A).

Pursuant to the § 223(b) cost-limit rule-making power, the Secretary in 1979 promulgated a rule establishing a wage-index formula to be used to calculate maximum reimbursable wage expenses. Under this formula, a provider's wage index was calculated using Bureau of Labor Statistics data and dividing the local average hospital wage by the national average hospital wage. 44 Fed.Reg. 31,806, 31,807–08 (1979). In 1981, the Secretary issued a rule adjusting the wage-index formula to exclude wages paid by federally-owned hospitals. 46 Fed.Reg. 33,637, 33,639 (1981). The Secretary's rationale for this 1981 rule change was as follows:

> Because [federal] hospitals typically use national pay scales, the amounts they pay their employees do not necessarily reflect area wage levels. We believe excluding data from these hospitals will help improve the accuracy of the wage index adjustment.

46 Fed.Reg. at 33,639.

In *District of Columbia Hospital Ass'n v. Heckler,* No. 82–2520, slip op. (D.D.C. Apr. 29, 1983), the district court for the District of Columbia held that the 1981 wage rule was invalid because the Secretary had promulgated it without a notice and comment period as required by the Administrative Procedure Act, 5 U.S.C. § 553. The Secretary did not pursue an appeal of this decision; instead, in February 1984 the Secretary published a notice proposing to reissue the 1981 change in the wage cost-limit rule. In November 1984, after considering comments on the proposed rule change, the Secretary repromulgated the 1981 wage cost-limit rule, and gave this new rule retroactive effect to apply to accounting periods beginning on or after July 1, 1981. 49 Fed.Reg. 46,495 (1984). As the District of Columbia Circuit has observed:

In other words, the rule was to apply to cost accounting periods that would have been covered prospectively by the Secretary's 1981 rule had that rule been promulgated in accordance with the procedural requirements of the APA.

*Georgetown University Hospital v. Bowen,* 821 F.2d 750, 756 (D.C.Cir.1987), *aff'd,* —— U.S. ——, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988).

In December 1985, Leila brought the present action against the Secretary, seeking an injunction prohibiting retroactive application of the 1984 wage rule and reimbursement for Medicare-related costs in accordance with the prior (1979) wage rule. The district court granted summary judgment for the Secretary on the grounds that: (1) under § 1395x(v)(1)(A)(ii)[1] of the Medicare Act, the Secretary was statutorily authorized to issue a retroactive cost-limit rule; and (2) the 1984 repromulgation of the 1981 wage cost-limit rule with retroactive effect was reasonable under the five-factor analysis set forth in *Retail, Wholesale and Department Store Union v. NLRB,* 466 F.2d 380 (D.C.Cir.1972). *Leila Hospital and Health Center v. Bowen,* 661 F.Supp. 397 (W.D.Mich.1987). In light of this court's opinion in *Mason General Hospital v. Secretary of the Department of Health and Human Services,* 809 F.2d 1220 (6th Cir.1987), which established a three-factor analysis for assessing the retroactive application of a Medicare rule, Leila filed a motion for relief from judgment under Fed.R.Civ.P. 60(b). The district court denied this motion after applying the *Mason General Hospital* three-factor test, concluding that "the Secretary properly gave the 1984 repromulgation of the 1981 change in the wage index methodology retroactive effect." *Leila Hospital and Health Center v. Bowen,* 661 F.Supp. 394, 396 (W.D.Mich.1987). This appeal followed.

The Supreme Court's recent decision in *Bowen v. Georgetown University Hospi-*

---

1. This subsection authorizes the Secretary to issue cost-reimbursement regulations that provide for the making of suitable retroactive corrective adjustments where, for a provider of services for any fiscal period, the aggregate reimbursement produced by the methods of determining costs proves to be either inadequate or excessive.

42 U.S.C. § 1395x(v)(1)(A)(ii).

*tal,* —— U.S. ——, 109 S.Ct. 468, 102 L.Ed. 2d 493 (1988), directs our disposition of this appeal. In *Georgetown* the Supreme Court unanimously held that the Secretary's 1984 repromulgation of the 1981 wage cost-limit rule with retroactive application to 1981 was invalid under the Medicare Act: "Our interpretation of the Medicare Act compels the conclusion that the Secretary has no authority to promulgate retroactive cost-limit rules." —— U.S. ——, 109 S.Ct. at 475. We therefore reverse the district court's grant of summary judgment for the Secretary and remand the case to the district court with instructions to enter judgment for Leila and to determine the relief to which Leila is entitled.[2]

REVERSED and REMANDED.

Jane E. Graham, Asst. U.S. Atty. (argued), Office of the U.S. Atty., Lexington, Ky., for the U.S., plaintiff-appellee.

Winfrey P. Blackburn, Stites & Harbison, Bruce F. Clark (argued), John A. Bartlett, and Stites & Harbison, Frankfort, Ky., for Stearns Coal and Lumber Co., defendant-appellant.

Before KRUPANSKY and NELSON, Circuit Judges, and PECK, Senior Circuit Judge.

---

**2.** We do not reach the issue of whether plaintiff is entitled, as damages, to reimbursement adjustments for fiscal years after June 30, 1983, under the Tax Equity and Fiscal Responsibility Act, 42 U.S.C. § 1395ww(b), and the Medicare Prospective Payment System, 42 U.S.C. § 1395ww(d). Our remand order affords the district court an opportunity to consider this issue in light of *Georgetown.*